## O. C. CLARK v. W. E. GURLEY ET AL.

### Decided December 18, 1907.

**1.—Deposition—Signing by Witness.**

A deposition which a witness refused to sign was not taken in accordance with the statute and is not admissible in evidence.

**2.—Impeachment of Witness—Deposition in Another Case.**

A witness cannot be impeached by introducing his deposition taken in another case to which the person against whom it is offered was not a party.

**3.—Gift—Charge—Good Faith.**

An instruction on the issue as to a gift of certain notes by a husband to his wife, where no rights to creditors were involved, should not require that the transaction should be in "good faith;" nor should it require an "explicit intention to relinquish his rights" by the giver, this being too strong an expression and liable to be understood as an expressed intention.

Appeal from the District Court of Upshur County. Tried below before Hon. R. W. Simpson.

*Barnwell & Eberhart,* for appellant.—Depositions of the witness taken in another case can not be used to impeach such witness, unless such depositions were regularly taken, signed by the witness and properly certified by the officer before whom same were taken. Grosse v. State, 11 Texas Crim. App., 376; McCamant v. Roberts, 80 Texas, 316; Houston & T. C. Ry. Co. v. Strycharshi, 35 S. W., 851; 10 Enc. of Pl. and Pr., p. 293.

Depositions are admissible under our statute, art. 2290, only in the case in which they are taken, and not in another case, though between the same parties and involving the same issues. Sayles' Statutes, art. 2290; Peoples Nat. Bank v. Mulkey et al., 94 Texas, 395.

The interest of creditors not being involved, the question of good faith on the part of the donor was not a question in this case, and was improperly submitted to the jury.

*Warren & Briggs,* for interveners.—Statements made under oath and by depositions, made in the trial of another case, involving the same subject matter, are admissible for purposes of impeachment. Vance v. Upson, 66 Texas, 476; Cross v. McKinley, 81 Texas, 332.

Words or phrases used in the court charges will not be given special legal meaning unless it clearly appears that they are so intended from the connection used. Docter v. Furch, 91 Wis., 464.

We cite the following cases as to the rule applicable to parol gift between husband and wife: Bradshaw v. Mayfield, 18 Texas, 26; Coats v. Elliott, 23 Texas, 606; Bagly v. Birmingham, 23 Texas, 452; Barziza v. Graves, 25 Texas, 322.

KEY, ASSOCIATE JUSTICE.—O. C. Clark instituted this suit against W. E. Gurley on three negotiable vendor's lien notes, payable to E. G. Morris, or bearer. The defendant Gurley made no defense. J. F. Morris and the other children and heirs of E. G. Morris filed

a plea of intervention, alleging that they were the owners of the notes and entitled to recover thereon.

The plaintiff claimed that before his death E. G. Morris made a gift of the notes to his wife, Jane Morris, and that the plaintiff bought them from Mrs. Morris, giving therefor a valuable consideration. The interveners claimed title to the notes as children and heirs of their deceased father, and controverted the alleged gift. There was a jury trial resulting in favor of interveners and the plaintiff has appealed.

Mrs. Jane Morris having testified as a witness for the plaintiff that her husband gave her the notes in controversy and that she sold them to the plaintiff, the court over the objection of the plaintiff, permitted the interveners to introduce in evidence an alleged deposition of Mrs. Morris, taken in another suit between her and the interveners. The alleged deposition was not signed by Mrs. Morris, and the officer who took it certified that she refused to sign it. Mrs. Morris testified that she refused to sign it because her answers to the questions had not been properly written down by the officer taking her deposition.

The signature of the witness is required by the statute, and unless the witness signs the deposition, it would seem that such deposition has not been taken in accordance with the statute. Furthermore, the plaintiff was not a party to the suit in which the deposition was taken, and, for that reason, it should have been excluded. If in answer to questions propounded to her by the officer taking her deposition she made statements tending to contradict the testimony she gave in this case, the interveners had the right, after laying the proper predicate, to place the officer referred to on the stand as a witness and prove by him that she made such answers; but his official certificate made in the other case was not admissible against the plaintiff in this case for the purpose of proving that Mrs. Morris made such statements.

We are of opinion that the court should have submitted to the jury the question as to whether E. G. Morris made a gift of the notes to Mrs. Morris without using the expressions "in good faith," and "with explicit intention to relinquish his rights in said notes, and to transfer them to Mrs. Morris." The rights of creditors are not involved in this case, and the question of good faith, as generally understood in legal parlance, was not involved. The expression "explicit intention" is too strong, and may have been understood by the jury as signifying expressed intention. If E. G. Morris delivered the notes to his wife with the intention, either express or implied, of divesting himself of his title thereto, and to vest title in her so as to make them her separate property, then the interveners were not entitled to recover.

On the other questions of law we rule against appellant. We express no opinion as to the merits of the case as developed by the testimony.

On account of the error already pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*