MARY SHEA, Appellant, *v.* LUCY E. CROFUT, as Administratrix, etc., of MARTHA K. CHAFFEE, Deceased, and Others, Respondents.

Second Department, November 10, 1922.

**Trusts — action to impress trust on securities — package containing securities given to third person to be deposited in safe deposit box — name of plaintiff written on package — testatrix stated that after her death securities were to be given to plaintiff — securities not delivered to third person as trustee — testatrix did not hold as trustee.**

In an action to impress a trust on certain securities in the possession of the personal representative of the testatrix, it appeared that shortly before the death of the testatrix she asked a friend to secure a safe deposit box in her name and to arrange it so that both might have access to the box, and at the same time the testatrix gave her friend a package upon which she had written the name of the plaintiff and told her friend to put it in the box, saying "If I die, give that to Miss Shea."

The testatrix stated also that she wanted to put the bonds in the box and that she wanted the plaintiff to have them, but that as she might need the bonds she did not wish to give them away while she was living. The friend secured the box, though by mistake of the company it was taken out in her own name, placed therein the package of securities, received both keys for the box, and gave both of them to the testatrix.

*Held*, that the bonds were not delivered to the friend of the testatrix in trust for the benefit of the plaintiff, since there was no intention on the part of the testatrix to vest title in her friend for the purpose of creating a trust for the benefit of the plaintiff, and the only authority which the friend possessed was to hand the package to the plaintiff on the death of the testatrix.

Furthermore, the evidence fails to show an intention on the part of the testatrix to create a trust in favor of the plaintiff with herself as trustee, but clearly shows that it was her intention to give the securities to the plaintiff upon her death in case she did not require them before that event occurred.

APPEAL by the plaintiff, Mary Shea, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 31st day of January, 1922, upon the decision of the court rendered after a trial at the Kings Special Term dismissing the complaint upon the merits.

*James P. Judge,* for the appellant.

*E. J. Dimock,* for the respondents.

YOUNG, J.:

The plaintiff in this action asks that a trust be impressed upon certain securities mentioned in the complaint, and for an accounting of the accumulated income thereon, alleging that the trust was created by Martha K. Chaffee during her lifetime for the benefit of the plaintiff, and that said securities are now the property of the plaintiff or of the defendant Meta Von Bargen, in trust for the

plaintiff, and that the defendants be directed to deliver and turn over the securities and accumulated income thereon to the plaintiff.

Mrs. Chaffee's son, prior to his death, had been engaged to marry plaintiff. By Mrs. Chaffee's will, dated September 14, 1910, plaintiff inherited $5,000. Mrs. Chaffee also gave her money during her lifetime with which to open an account in the Brooklyn Savings Bank. Prior to the transaction Mrs. Chaffee opened six savings bank accounts " in trust for " plaintiff and others.

The only evidence of the circumstances of the transaction here involved is the testimony of the defendant Miss Von Bargen, who was called as a witness by the plaintiff.

It appears that Mrs. Chaffee, who was unable to go out alone and unable to go up and down stairs, told Miss Von Bargen that she wanted to take a safe deposit box somewhere on the street floor, and asked her to make inquiry for same. Miss Von Bargen complied, and reported that the Long Island Storage Warehouse answered the requirements, and she made an appointment to go there with her so that Mrs. Chaffee could take out a box. On the appointed day, Mrs. Chaffee was unable to go and asked Miss Von Bargen to get the box in Mrs. Chaffee's name and to arrange it so that both might have access to the box; she then handed Miss Von Bargen a package upon which she had written Miss Shea's name and address and told her to put it in the box, saying, " If I die, give that to Miss Shea." The package was tied up with a string and the contents afterwards were found inclosed, beneath the outside covering in several sealed wrappers.

Either at that time or when the safe deposit box was first mentioned, Mrs. Chaffee said that she wanted to put bonds in the box that had belonged to her son and that she wanted Miss Shea to have them. She said that she might need the bonds and did not want to give them away while she was living.

Miss Von Bargen did just as she was requested and told them at the safe deposit company that " the box was for an invalid lady who was not able to come," giving them Mrs. Chaffee's signature of her maiden name, Martha K. Marcy, on a slip of paper and also signing for the box herself. These instructions seemed to have been disregarded by the warehouse company, and the record there showed that the box was taken out by Miss Von Bargen with access to Martha K. Marcy. The error is immaterial, however, as Mrs. Chaffee is not shown to have known the state of the safe deposit company's record.

Miss Von Bargen put the package in the box, received both keys for the box and gave both to Mrs. Chaffee. She never had either key in her possession again except once, when, at Mrs. Chaffee's

request, she looked at the package to see whether it was all right, and once, after Mrs. Chaffee's death, when Mr. Chaffee gave her a key and asked her to get the package.

It is conceded that the bonds and coupons which the plaintiff seeks in this action were found in the package.

It is conceded by the respondents that these bonds were left by Mrs. Chaffee under circumstances that permit of no doubt that she intended that Miss Shea should have them, but that it was considered the duty of the personal representatives of Mrs. Chaffee that it should be legally determined whether her intention alone was legally sufficient, particularly as one of the beneficiaries was an infant.

The court below, in its opinion, stated that it was clear that the deceased wished the plaintiff to have the bonds in question after her death, but that he could find nothing in the case showing a present gift to the plaintiff from the deceased, or that the deceased or Miss Von Bargen was the trustee of the bonds for plaintiff's benefit, and he, therefore, directed judgment in favor of the defendants.

Although there seems to have been some doubt in the mind of appellant's counsel at one time as to what his position should be in regard to claiming a gift to plaintiff from the deceased, it appears from his brief that such a claim is not urged upon appeal. I do not see how it could be, in view of the testimony of Miss Von Bargen that deceased said to her that she might need these bonds and did not want to give them away while she was living.

We come then to the question in the case: Was there a trust created for the benefit of plaintiff? In considering this subject, the inquiry is: (1) Was Miss Von Bargen constituted a trustee? (2) Did the deceased constitute herself a trustee by her own acts and declarations?

Before it can be said that Miss Von Bargen was a trustee, it must be found that there was a delivery of the bonds to her with an intention on the part of the deceased to vest title in her for the purpose of creating a trust for the benefit of the plaintiff. (*Brown* v. *Spohr,* 180 N. Y. 201; *Orton* v. *Tannenbaum,* 194 App. Div. 214, 220.) In my opinion, appellant's claim in this particular cannot be sustained. The declaration of the deceased that she might need the bonds, and did not want to give them away while she was living, militates strongly against this contention.

In addition to this, Miss Von Bargen testified that deceased said she wanted to take the safe deposit box for herself, and accordingly she told the representative of the safe deposit company that the box was for an invalid lady who could not come herself.

Both keys were given to Mrs. Chaffee, and Miss Von Bargen was given no authority to open the package.

Surely this evidence is insufficient to show any delivery to Miss Von Bargen, with an intention on the part of the deceased to vest title in Miss Von Bargen as a trustee. The authority she had was simply to hand the package to plaintiff in case of the death of Mrs. Chaffee.

In *Jackson* v. *Twenty-third Street Railway Co.* (88 N. Y. 526) the rule applicable here was stated as follows: " The delivery must be such as to vest the donee with the control and dominion over the property, and to absolutely divest the donor of his dominion and control, and the delivery must be made with the intent to vest the title of the property in the donee. The intent is a necessary element of the transaction. Delivery, without intent to vest the title in the donee, could pass no title to him."

The remaining question is as to whether the deceased, by what she did and said, constituted herself a trustee for the plaintiff.

Upon this point appellant cites the case of *Hoffman House* v. *Foote* (172 N. Y. 348, 355), where it is said: " It is not necessary to use any particular formula of words in order to create a trust of personal property, and it is not even necessary that such a trust should be evidenced by any writing. Trust relations will be implied when it appears that such was the intention of the parties and when the nature of the transaction is such as to justify or require it."

Appellant also refers to the case of *Von Hesse* v. *MacKaye* (136 N. Y. 114), which was a case of the delivery of personal property by the donor to a third person, to be delivered to the donee, after the death of the donor, and the question was the right of the donor to revoke the trust during his lifetime, and the court said: " Few things are better settled than that the reservation of such a power is entirely consistent with the trust, and does not work its destruction where the rights of creditors are not involved."

The case of *Martin* v. *Funk* (75 N. Y. 134, 138) is also cited, where it was said that " when a trust is declared, whether in a third person or the donor, it is not essential that the property should be actually possessed by the *cestui que trust,* nor is it even essential that the latter should be informed of the trust."

Many other cases are cited by the appellant to the same general effect, and it is contended that upon the facts proven on the part of the plaintiff in the present case under the principles of these authorities, it should be held that a trust of personal property was established in favor of the plaintiff.

On the other hand, counsel for the respondents argues that the evidence in the present case shows no definite declaration of trust

and that the facts and circumstances are insufficient to show that the deceased intended that a trust should be created in favor of the plaintiff in relation to these bonds. It is pointed out that the situation is not at all similar to the *Savings Bank Trust* cases, so called, where it has been held that where a savings bank account has been left in one person's name, in trust for another person, and the trustee dies, these facts, nothing else appearing, raise the presumption of a trust in favor of the beneficiary. In the present case, of course, there is no specific declaration of a trust, either in writing or otherwise, and so no trust can be found to exist unless the evidence clearly shows that the deceased intended to create one.

In *Beaver* v. *Beaver* (117 N. Y. 421) a savings bank account opened by the decedent was found after his death actually standing in the donee's name and yet that fact was held insufficient to establish the existence of a gift or a trust, ANDREWS, J., saying (at p. 428): " To constitute a trust there must be either an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created. It would introduce a dangerous instability of titles, if anything less was required, or if a voluntary trust *inter vivos* could be established in the absence of express words, by circumstances capable of another construction, or consistent with a different intention."

In *Young* v. *Young* (80 N. Y. 422) a decedent had prepared two packages of coupon bonds and indorsed thereon memoranda stating that certain of them belonged to one of his sons and certain to another, " but the interest to become due thereon is owned and reserved by me for so long as I shall live, at my death they belong absolutely and entirely to them and their heirs." He showed these declarations to the wives of the sons and placed the packages in a compartment of a safe to which one of the sons actually had access and in which such son kept his own papers. It was held that there was no gift because no delivery had been shown, and also that the transaction could not be upheld as a declaration of trust. Judge RAPALLO, writing for the court, said (p. 438): " To create a trust, the acts or words relied upon must be unequivocal, implying that the person holds the property as trustee for another. (*Martin* v. *Funk*, 75 N. Y. 134, per CHURCH, Ch. J.) Though it is not necessary that the declaration of trust be in terms explicit, the donor must have evinced by acts which admit of no other interpretation, that such legal right as he retains, is held by him as trustee for the donee. (*Heartley* v. *Nicholson*, 44 L. J. Ch. App. [N. S.] 277, per BACON, V. C.) The settler must transfer the property to a trustee, or declare that he holds it himself in trust. (*Milroy* v. *Lord*, 4 De G., F. & J. 264, per Lord KNIGHT BRUCE.) In cases of volun-

tary settlements or gifts, the court will not impute a trust where a trust was not in fact the thing contemplated."

In *Beck* v. *Staudt* (149 App. Div. 35; affd., without opinion, 208 N. Y. 566), where the decedent left in his safe deposit box an envelope containing ten bonds and across the face of the envelope had written in his own handwriting the words, " The property of Miss Lizzie Beck, 842 Forest Avenue," it was held that there was neither gift nor trust.

I am convinced that the evidence in the case before us fails to show an intention on the part of decedent to create a trust in favor of plaintiff in relation to the bonds in question.

I am satisfied that Mrs. Chaffee intended to give these bonds to the plaintiff upon her death in case she did not require them before that event occurred. She had provided for the plaintiff in other ways: (1) By giving her money to put in the Brooklyn Savings Bank; (2) by giving her $5,000 in her will; (3) by one or more savings bank accounts which she held in trust for her, and then finally she evidently evolved the plan which she carried out in regard to these bonds. They formerly belonged to her son, and she wished the plaintiff to have them after her death, provided she did not have use for them before. I think it was a gift she had in mind, a tentative gift which would only go into effect at her death, and in case she had not used these bonds prior to her death. Her previous acts in regard to providing for plaintiff show that she was fully acquainted with various ways of disposing of her property.

If a gift was intended, the court will not give it effect by construing it as a trust.

In *Young* v. *Young* (*supra*, 438) it was said: " In cases of voluntary settlements or gifts, the court will not impute a trust where a trust was not in fact the thing contemplated."

In the case of *Smith's Estate* (144 Penn. St. 428) the court said: " the rule is now, we think, well settled in accordance with the doctrine declared in *Richards* v. *Delbridge* [L. R. 18 Eq. 11–13], that, if the transaction is intended to be effected by gift, the court will not give it effect by construing it as a trust."

The judgment rendered below was right and should be affirmed, with costs.

Present — BLACKMAR, P. J., KELLY, MANNING, KELBY and YOUNG, JJ.

Judgment unanimously affirmed, with costs.