**PETERSON v. WEINER et ux.**

No. 9334.

Court of Civil Appeals of Texas. San Antonio.

April 25, 1934.

Rehearing Denied May 23, 1934.

Samuel Peterson, of San Antonio, for appellant.

James F. Boyls, of San Antonio, and Fannie Boyls, of Beaumont, for appellee.

MURRAY, Justice.

Appellees, Harry Weiner and wife, instituted this suit in the district court (Fifty-Seventh district) of Bexar county against appellant, Samuel Peterson, as independent executor of the estate of Joseph Eaton, deceased, to have canceled the balance due upon a certain vendor's lien note originally for the principal sum of $3,615, bearing interest at the rate of 8 per cent. per annum, both principal and interest payable in monthly installments of $35, payable to Joseph Eaton and Albert Eaton, and signed by H. Weiner and Tessie Weiner, said unpaid balance being $1,267.31, and to recover the amount of payments made on such note since the death of Joseph Eaton, aggregating, at the time of the trial, $840.

The cause was tried before Hon. W. C. Douglas, as special judge, without the intervention of a jury, and resulted in a judgment for appellees canceling the balance due on this note and allowing appellee a recovery for all installments paid on said note after the death of Joseph Eaton. Samuel Peterson, as such independent executor, has perfected this appeal.

Joseph Eaton and Albert Eaton were bach-elor brothers. Albert died first and willed all of his property to Joseph Eaton. Appellees paid regularly and consistently the $35 monthly installments due on this note, until the death of Joseph Eaton, and in fact for many months thereafter. On October 1, 1930, when one of these payments was made, Joseph Eaton signed the following typewritten receipt.

"35.00                    Oct. 1, 1930.

"Received from Mr. Harry Weiner the sum of Thirty-five dollars, of which $8.80 is the interest to date and $26.20 is the principal.

"The balance that he owes is now $1,482.33.

"In case of my death, I want this debt cancelled.

"[Signed] Joseph Eaton."

Joseph Eaton died May 11, 1931, leaving a will executed May 13, 1930, naming Samuel Peterson independent executor and devising his property to persons other than appellees herein.

About December 1, 1930, Nathaniel Lowe had a conversation with Joseph Eaton in which Joseph Eaton handed the note in question to Lowe telling him to take it and keep it and after Eaton's death to deliver it to appellees. Eaton explained that he wanted to collect the $35 monthly installments on the note that might come due during his lifetime, as he needed this money for a livelihood, but that at his death he wanted to donate to appellees any unpaid balance provided for in said note. Lowe placed the note back in Eaton's bureau drawer as he had no place to keep it and he wanted it where Joseph Eaton could make credits on it as the monthly installments were paid.

The trial judge found that Joseph Eaton intended a gift inter vivos to begin eo instante, and that the delivery to Lowe was a sufficient delivery to execute the gift. He found, however, that Lowe was the trustee of Eaton. He further found that, while the gift was en præsenti, the enjoyment was to begin at Eaton's death.

It occurs to us that the finding that Lowe was the trustee of Eaton is fatal to the judgment herein. If Lowe was Eaton's trustee, he could revoke his instructions at any time prior to his death and order his trustee to make a different or other disposition of the note, and his death would revoke all power of his trustee to act for him after his death. In other words, under such finding Lowe was nothing more than Eaton's

agent. A delivery by Eaton to his own agent or trustee would not place the object of the gift beyond his control or even out of his constructive possession, and a gift may be revoked until there is delivery, either to the donee or to a trustee who holds the same for the donee. A gift that is incomplete and subject to be revoked by the donor is no gift at all in the eyes of the law. This finding of the trial judge, which is inconsistent with the judgment rendered, would be sufficient and in fact would require a reversal of the cause.

■ There is, however, another matter which calls for a reversing and rendering of this cause. Viewing this case in the most favorable light to appellees, Joseph Eaton reserved a dominion over the subject-matter of this gift, and he retained in his power the possibility to defeat the gift entirely. To constitute a gift inter vivos there must not only be a donative intention, but also a complete stripping of the donor of all dominion or control over the thing given. Stevenson v. Earl, 65 N. J. Eq. 721, 55 A. 1091, 103 Am. St. Rep. 790, 1 Ann. Cas. 49.

■ A gift cannot be made to take effect in the future. Such a transaction would amount only to a promise or agreement to make a gift, and being without valuable consideration is void. 12 R. C. L. p. 930, § 9.

■ It is clear, not only from the record, but from the findings of the trial judge, that Eaton was collecting, not only the interest, but more than $26 of the principal of this note each month and appropriating it to his own use. If he had lived fifty months longer he would have collected and used the entire sums provided for in the note, and there would have been nothing remaining to constitute a gift. If Eaton had the right under his proposition to monthly collect the principal and use it for his own benefit, why would he not have had the right to sell the note and appropriate the proceeds to his own use? Certainly, as long as he lived, no one could complain, and if he lived more than fifty months no one could complain after his death. Can it be fairly deducted from the evidence that Eaton, by his statement that he wanted the unpaid balance on the note remaining after his death given to appellees, intended to deprive himself of the use of the note, for any and all purposes, so long as he lived? We conclude that he did not.

Regardless of this proposition, however, he undoubtedly had the right to collect and use the monthly installments and to this extent had dominion over the note, and only his death could defeat his perfect right to use both the principal and interest of the note. There could be no gift of any part of the note or the debt which the note represented, so long as Eaton had such dominion of the same and such power to defeat the entire gift. 12 R. C. L. p. 931, § 9; Stevenson v. Earl, supra; 21 Tex. Jur. p. 30, § 10; Young v. Young, 80 N. Y. 437, 36 Am. Rep. 634.

■ A person cannot retain the use and full enjoyment of his property during his lifetime and provide that at his death it shall go to some one other than his legal heirs, without making a will, executed under the forms and solemnities provided by the statutes on the subject of wills. Chevallier v. Wilson, 1 Tex. 161; McFerrin v. Templeman, 102 Tex. 530, 120 S. W. 167; Moore v. Layton, 147 Md. 244, 127 A. 756; Godard v. Conrad, 125 Mo. App. 165, 101 S. W. 1108; Shea v. Crofut, 203 App. Div. 210, 196 N. Y. S. 850; Witthoft v. Commercial Dev. & Inv. Co., 46 Idaho, 313, 268 P. 31; Partridge v. Kearns, 32 App. Div. 483, 53 N. Y. S. 154; In re Bolin, 136 N. Y. 177, 32 N. E. 626.

If it were possible for a person to retain the full enjoyment of his property during his lifetime and be able to dispose of it after his death by a transaction such as Eaton had with Lowe, it would not be necessary to execute a will in accordance with the statutes on the subject. Stevenson v. Earl, supra; Hubbard v. Cox, 76 Tex. 239, 13 S. W. 170.

■ It is true that a person may retain a life estate in property and convey the remainder to another, but under such circumstances the grantor only has the use of the property and cannot otherwise dispose of the property. It has been held that one may give money to another, but require the payment of interest during his lifetime, Thompson v. Caruthers, 92 Tex. 530, 50 S. W. 331, but this is not inconsistent with the idea that he has parted with the title to the principal.

We conclude that Joseph Eaton did not part with the absolute title of the indebtedness evidenced by the note, and that he retained dominion over the same in that he had a right to collect and spend as he saw fit, not only the interest but the principal provided for in the note, and this right could only be questioned by his dying before all of the payments became due.

■ The disposition which Eaton attempted to make of any balance that might remain unpaid at his death is testamentary in its nature and cannot be accomplished in the

manner here undertaken. Carlton v. Cameron, 54 Tex. 72, 38 Am. Rep. 620.

In determining a gift, vel non, a test would be whether or not a thing alleged to have been given would be subject to the claims of the donor's creditors. In the absence of fraud, if the gift is complete, the property given is not subject to the claims of the donor's creditors. If the gift is incomplete, or if the donor has not irrevocably divested himself of all right and title to the property and invested the donee with present title, dominion, and control, then such property is subject to the claims of the alleged donor's creditors. 21 Tex. Jur. p. 33, § 13.

Let us ask the question, Was this note subject to the claims of Joseph Eaton's creditors during his lifetime? Could this note be regarded as beyond the reach of Joseph Eaton's creditors and Eaton at the same time be entitled to use the principal and interest of the same from month to month until he had consumed the entire amount of principal and interest? Under such circumstances it would be clear that the gift was not absolute and irrevocable, but conditional. That it was nothing more than a promise to make a gift. A man has either given his property away or he has not. He either owns it or he does not. If he intends for a gift to become effective after his death he must make such a gift by a last will and testament executed in full compliance with the statutes governing this subject.

The judgment of the trial court will be reversed, and judgment here rendered that appellees take nothing and pay the cost of this appeal.

Reversed and rendered.