**ELLSWORTH v. ELLSWORTH.**

**No. 11019.**

Court of Civil Appeals of Texas.
San Antonio.

July 30, 1941.

Rehearing Denied Oct. 1, 1941.

Weber & Wolfe and Albert Beitel, all of San Antonio, for appellant.

Schlesinger, Schlesinger & Goodstein and Felty, Allen & Peace, all of San Antonio, for appellee.

SMITH, Chief Justice.

Appellant, Mrs. H. E. Ellsworth, instituted this suit in the District Court of Webb County against Sofia Dora Ellsworth, independent executrix of the estate of Frank Leslie Ellsworth, deceased to recover the balance due her on a written obligation dated February 16, 1939, executed by Frank Leslie Ellsworth, and to foreclose a lien upon certain real property in Webb County. The trial court found that there was $918.64 due on such obligation, and the appellee has not appealed from this part of the judgment. The only issue before this Court is whether or not the trial court erred in allowing the appellee an offset of $817.17, claimed to be due her by reason of an alleged gift to her husband from appellant.

Appellant had two sons, H. T. and Frank Leslie Ellsworth. On June 27, 1937, she made a loan of $6,000 to H. T. Ellsworth, which was evidenced by a. promissory note bearing no interest and payable to appellant in monthly installments of $50, or more, each. On February 16, 1939, appellant made a loan to Frank Leslie Ellsworth of $764.64, which amount was later increased. This loan is evidenced by a written agreement sued on, which, among other things, provided: "The interest due by me (Frank Ellsworth) on this note shall be deducted from the interest due me by Mrs. H. E. Ellsworth on the H. T. Ellsworth note and any balance due me shall be credited on this loan monthly."

H. T. Ellsworth was the only witness who testified as to the transactions between appellant and Frank concerning the loan. He testified that at the time the loan was made appellant agreed to give Frank Ellsworth a credit each month on his obligation of a sum equivalent to what the interest would be on the H. T. Ellsworth note had such note provided for interest at the rate of 5% per annum. This was to continue as long as the H. T. Ellsworth note was owing to appellant. Appellant gave Frank such credits up to March 8, 1940, when said note was released by appellant, as will now be shown.

After Frank's death, appellant executed and delivered to H. T. Ellsworth a release of all further liabilities on his said note. By the terms of the release it was effective as of March 8, 1940. After this date no further credits were given on the Frank Ellsworth obligation. Appellee did not plead that appellant had no right to release the H. T. Ellsworth note nor that she acted fraudulently in doing so. The $817.17 offset allowed appellee represents the interest that would have accrued on the H. T. Ellsworth note after March 8, 1940, at the rate of 5% per annum, had H. T. Ellsworth paid the note off at the rate of $50 per month throughout the period of amortization.

It seems obvious that the provision in the Frank Ellsworth obligation relied upon by appellee amounted to nothing more than a promise by appellant to make gifts in the future of undetermined sums of money equivalent (in a possible maximum aggregate) to the interest that would be due appellant on the H. T. Ellsworth note, had such note provided for 5% interest per annum, and that appellant was under no obligation to make such gifts. Peterson v. Weiner et ux., Tex.Civ.App., 71 S.W.2d 544, writ refused.

We are also of the opinion that if appellee is correct in her contentions that appellant was obligated to give her credit for a sum equivalent to what the interest would have been had such note provided for 5% interest per annum, she would still not be entitled to the $817.17 offset, for the H. T. Ellsworth note was payable in installments of $50 *or more* each. This authorized him to pay it at any time. There is no way to determine what the interest would have been had the note not been released. At the time the appellant and Frank Ellsworth made their agreement, there was no fixed or determinable amount of interest due or to become due on the H. T. Ellsworth note. When the appellant released the H. T. Ellsworth note, there was no more interest to accrue, whereas, appellee was given credit for amounts equivalent to future and unmatured interest on the H. T. Ellsworth note, as if it had run its potential course to full maturity.

The judgment awarding appellee an offset of $817.17 against the amount recovered by appellant will be reversed and judgment here rendered that appellee take nothing by reason of her cross-action for such offset;

but the judgment is affirmed in all other respects, at the cost of appellee.

Reversed and rendered in part; affirmed in part.