Bruce S. CHRISTIAN, Jr., Appellant,

v.

Andrew C. WALKER, Jr., Appellee.

No. 7589.

Court of Civil Appeals of Texas.

Texarkana.

July 28, 1964.

Rehearing Denied Aug. 18, 1964.

J. Robert Liles, Conroe, for appellant.

George W. Morris, Conroe, for appellee.

CHADICK, Chief Justice.

This is a statutory trespass to try title action in which the defendant specially plead that ownership of an undivided interest in a 3½ acre tract of land was conveyed to him by parol gift. The judgment of the trial court awarding the defendant an undivided one-half of the fee simple estate in the tract is reversed.

The proposition stressed by the appellant's brief is the absence, and alternately, the insufficiency of evidence, to show the defendant was the recipient of an in praesenti gift. The proof will be analyzed to resolve this issue, considering only that part of the evidence that tends to support the trial judge's implied finding that Andrew Walker, Sr., made a parol gift to Andrew Walker Jr. of the undivided interest the junior Walker claims.

The formal parties to the suit are brother-in-laws. The plaintiff, Bruce S. Christian, Jr., is married to Bobbie, the sister of Defendant, Andrew C. Walker, Jr. The record shows the 3½ acre tract was acquired in 1951 as the community property of Andrew C. Walker, Sr., and his wife, Edith, the parents of Bobbie Christian and Andrew C. Walker, Jr. While the senior Walkers were living at Hillsboro, Texas, in September, 1955, and young Walker Jr., was employed there as a lineman by a utility company, the conversations material to the lawsuit had their inception at a family gathering in the home of the senior Walkers. Mrs. Mary Jo Walker, the wife of Andrew C. Walker, Jr., was present, but Bobbie, the sister, was away from her parents' home, married and then living in Kansas. At the time of the trial, Mr. and Mrs. Andrew C. Walker Sr., were estranged and living apart, but not divorced. Andrew C. Walker, Jr., testified in his own behalf and offered his wife, Mary Jo, and his mother, Mrs. Edith Walker, as witnesses to one or more conversations concerning the alleged gift that he claimed his father made. The senior Walker, his wife, son and daughter-in-law, gave the only direct testimony of the content of the conversations.

The witnesses did not attempt to state the elder Walker's oral expressions word for word, or in substance, but with exceptions to be found in the quoted testimony, the wife, son and daughter-in-law, gave

their understanding of the meaning and effect of the elder Walker's words, that is to say, they gave a ratiocinative opinion that a gift was made in the course of the conversations. Such opinions have no probative value. 2 Texas Law of Evidence, p. 228, Sec. 1398. The elder Walker denied making the gift, but his testimony does not repeat the content of any conversation he admitted took place. The extracts from the statement of fact that are quoted next are the direct testimony offered to show that the elder Walker made a parol gift:

"(A. C. Walker, Jr.)

"A. Well, I was to—I was entitled to one-half of the place if I would come down here and live, and my sister and brother-in-law was to live there, and my mother and daddy were going to move down when he got old enough to retire. We were all sitting around drinking coffee, and talking about one of these days we would move to Montgomery County, and I'm the only one that lived up to the agreement.

\* \* \* \* \* \*

"Q. As I understand you, it was this: That your father said, 'If you will quit your job and go down there and keep it up, it will be yours'. Isn't that what you testified?

"A. I moved down there with intention it was mine.

"Q. If you would quit and move down there, it would be yours?

"A. Well, I don't know whether it was just exactly those words, but that's pretty close.

"Q. That's the substance of it, isn't it?

"A. Yes, sir, but not just mine. It was for both of us.

"Q. You and your sister?

"A. Yes, sir.

"Q. And that is if you would quit your job and work on the property and keep it up, it would be yours?

"A. Well, it was mine then, I thought.

"Q. Isn't that what you just told me?

"A. No, sir; that's not the way. The way I understood it, it's mine and my sisters. That's what he said, 'One of these days your mother and I will be down there and we'll all be one big happy family.'"

"(Mrs. Edith Walker):

"Q. And what was said about that in the conversation?

"A. If he would quit and come down here and look after the place it was his and his sisters. \* \* \*

"Q. Can you tell us what, if anything, Andy was to receive if he did give up his job and move his family on the land?

"A. He was to receive his own home.

"Q. Was he to have an interest in the land?

"A. That's right.

"Q. By that what do you mean?

"A. His daddy said for him to go right ahead to building on his house. He said 'it's your home', and I talked to Mr. Walker about it and I asked him if he didn't think it was a good thing to deed the land to them.

"Q. What did he say?

"A. He didn't reply."

"(Mrs. Mary Jo Walker):

"Q. Was anything said with reference to him giving up his job he was working for?

**678**

"A. Well, yes, Mr. Walker told Andy that if he gave up his job and moved down to the place he would give him a deed and he would like for Bobbie to have her half. He said he bought the place for the children, the two of them."

 The elements of a parol gift of land are enumerated in Franzetti v. Franzetti, (Ct.Civ.App.1939), 124 S.W.2d 195, writ refused; and the first element mentioned is that the gift must be made in praesenti. For a gift to be in praesenti the donor must, at the time he makes it, intend an immediate divesture of the rights of ownership out of himself and a consequent immediate vesting of such rights in the donee. Hubbard v. Cox, 76 Tex. 239, 13 S.W. 170; McFerrin v. Templeman, 102 Tex. 530, 120 S.W. 167; Crutcher v. Johnson County, Tex.Civ.App., 79 S.W.2d 932, and 27 T.J.2d, Sec. 8, p. 153. The evidence reproduced can not be construed as a clear manifestation that A. C. Walker, Sr., intended to vest the rights of ownership in an undivided one-half interest of the tract of land in suit at the time of the conversation, or conversations. However, words alone are not determinative, his acts may be considered in determining the question of his intent at that time. Fleck v. Baldwin, 141 Tex. 340, 172 S.W.2d 975; Clark v. Gurley, 48 Tex.Civ.App. 274, 106 S.W. 394, no writ.

Following the conversations the senior Walker furnished some material, labor, and otherwise assisted his son in building a residence that was then in progress on the tract of land. This and other actions shown by the record are subject to the construction that he affirmatively placed his son in possession of the land with the apparent status of a tenant in common. From the whole body of proof there may be gleaned some evidence of an intent on the part of the senior Walker to give his son an undivided one-half interest in the tract of land at the time of the conversations. The evidence of a parol gift, however, is not of such clarity and probative force as to be characterized as sufficient to support the trial court judgment. Therefore, the appellant's point of error in this respect is sustained. Accordingly, the judgment of the trial court is reversed and the case remanded for new trial.