## CHAISON et al. v. CHAISON et al.

### No. 3887.

Court of Civil Appeals of Texas. Beaumont.

June 19, 1941.

Rehearing Denied Sept. 24, 1941.

LeRoy McCall and Geo. E. Holland, both of Beaumont, for appellants.

C. A. Lord, of Beaumont, for appellees.

WALKER, Chief Justice.

This is a second appeal. For a statement of the nature of the suit we refer to our opinion on the former appeal, Chaison et al. v. Chaison, 136 S.W.2d 239. On the second trial all of the children of W. G. Chaison, living at the time of the execution of the trust instrument and named as beneficiaries therein, were living and were made parties either by voluntary intervention or on prayer of the intervenor named as such on the first appeal. We refer to and make a part of this opinion the trust agreement in issue and the last will and testament of W. G. Chaison, decd., as copied into our opinion on the former appeal.

On the second trial, the trustees appeared merely as stakeholders tendering the property into court, tendering an accounting, and praying that their liability as trustees be adjudicated and that they be discharged, and

praying further for an allowance for attorney's fees. The issue between Mrs. Ella Arnett Chaison, personally and as independent executrix of the last will and testament of W. G. Chaison, decd., and the children of W. G. Chaison, claiming as beneficiaries under the trust contract, a part of our statement on the former appeal, was simply the construction of that instrument, whether at the time of his death W. G. Chaison owned the property, the subject matter of the trust agreement, on which construction it passed under the trustor's will, or whether the legal title was vested in the trustees to be held by them for the beneficial use of the children of W. G. Chaison, on which construction the trustees were entitled to the possession of the property, to be held by them on the conditions of the trust agreement.

On trial to the lower court without a jury, judgment was rendered in favor of Mrs. Ella Arnett Chaison, personally and as independent executrix, to the effect that the title to the property described in the instrument was in W. G. Chaison at the time of his death. In support of his judgment, the trial court made the following conclusions of fact and law:

"I find as a fact that at the time of the death of the said Wm. G. Chaison he owned seventy shares of the capital stock of the Jef Chaison Townsite Company, of the par value of $100.00 per share, and that the same was at that time in the possession of the defendants, Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell, and that the same has continued in their possession since his death. * * * I find as a fact that under the terms of the written instrument dated January 24, 1928, executed by Wm. G. Chaison, and pleaded and referred to in the answer of Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell as constituting their authority for holding the seventy shares of the corporate stock of the Jef Chaison Townsite Company which belonged to the said Wm. G. Chaison, the said Wm. G. Chaison retained control of the said 110 shares of stock referred to therein, and retained the right to consume and dispose of the same and all dividends arising therefrom, subject only to any indebtedness owing by the said Wm. G. Chaison to the said Jef Chaison Townsite Company or to the defendants, Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell, or either of them, and I find as a fact that he did so consume and dispose of forty shares of said 110 shares of said corporate stock before his death, and also the dividends arising therefrom except the said sum of $554.96. And I find as a fact that the said written instrument was a power of attorney and mortgage with power of sale, executed by the said Wm. G. Chaison for the purpose of securing any indebtedness then owing by him to the said Jef Chaison Townsite Company or to the defendants Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell, or that he might thereafter owe to them, and I find as a fact that the parties to the said instrument treated and interpreted the same as such mortgage; and I find as a fact that at the time of his death the said Wm. G. Chaison was not indebted in any amount to the said Jef Chaison Townsite Company or to the said Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell, or either of them. * * * I conclude as a matter of law, under the facts and the pleadings, that the written instrument dated January 24, 1928, executed by the said Wm. G. Chaison and pleaded and referred to in the answer of the defendants Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell as constituting their authority for holding the said shares of the corporate stock of Jef Chaison Townsite Company which belonged to the said Wm. G. Chaison, was a power of attorney and mortgage with power of sale, executed by the said Wm. G. Chaison for the purpose of securing any indebtedness then owing by him to the said Jef Chaison Townsite Company or to the defendants Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell, or that he might thereafter owe to them, and that the same terminated and ceased to be of any legal effect upon the death of the said Wm. G. Chaison; and it is my legal conclusion that the said instrument was in no way a trust created for the benefit of the children of Wm. G. Chaison, and it is my legal conclusion that his children acquired no right or title in any manner in virtue of said written instrument, it being my conclusion as to the law that no title passed by the said written instrument to the children of Wm. G. Chaison and that no title in virtue thereof passed to or was held by any person for their use or benefit, from which it follows that the children of Wm. G. Chaison could recover nothing in this suit."

## Opinion.

In order to constitute a gift of chattels inter vivos there must be a delivery of the possession of the chattels by the donor to the donee, or to a third person for his use and benefit, with the intention on

the part of the donor to vest the ownership of the chattels in the donee, immediately and unconditionally. Garrett v. Hunt, Tex. Civ.App., 283 S.W. 489. In the words of the authorities cited in Anderson v. Menefee, Tex.Civ.App., 174 S.W. 904, the word "vest" means to give an immediate, fixed right of present or future enjoyment; a "vested estate" is an interest clothed with a present, legal, and existing right of alienation. The following proposition of law was announced by the court in Benavides v. Laredo National Bank, Tex.Civ.App., 91 S.W.2d 372, 374: "Until a donor has divested himself, absolutely and irrevocably of the title, dominion, and control of the subject of the gift, he has power to revoke it." On these authorities, the express language of the trust instrument affirmatively denies the contention that W. G. Chaison by the trust agreement divested himself absolutely and unconditionally of the trust property, for the reason that the title to the trust property, on our definition of the term "vest," did not vest in the trustor's children immediately and unconditionally on the execution of the instrument. The contract provided, 8th section: "At the termination of this Trust, the benefits of this trust shall inure in equal interests to such of his children as may be living." The word "inure" in this section of the contract had the meaning of "vest"; thus the trustor manifested an intention that the title to the trust property should not vest —inure—in his children until the termination of the trust, which was fixed at the expiration of fifteen years from the date of the execution of the trust contract. Again, the trust agreement provided that, in the event the trustor should become indebted to Jef Chaison Townsite Company, it would be the duty of the trustees to sell the stock, the subject matter of the agreement, for cash and to invest the balance after paying trustor's indebtedness for trustor's use and benefit. By this stipulation the trustor retained absolute control of the trust property with the right to appropriate all of it to his own use and benefit. There could be no gift of the stock by the trustor to his children as against this condition and reserved right in the trustor. Peterson v. Weiner, Tex.Civ.App., 71 S.W. 2d 544. Since a gift cannot be made to take effect in the future, the trustor did not part with his title to the trust stock but retained the absolute title in himself, subject only to the trust agreement, which

at any time he had the right to revoke, and which was revoked by his death. Peterson v. Weiner, supra. Therefore this stock passed under the terms of his will to his independent executrix, and not to his children under the trust agreement. On these conclusions, the judgment of the lower court on the issue of title to the property must be affirmed.

 The following additional conclusions support our judgment of affirmance:

(1) It clearly appears on the face of the instrument that the trustees named therein were trustees for W. G. Chaison and not for his children. He vested them with title and gave them control and management of the stock, with power to vote it—all for his benefit. He gave them power to collect the dividends on the stock and to appropriate them for his use and benefit; to sell and hypothecate the stock and to appropriate the proceeds for his use and benefit; to sell the stock and pay his debts and to invest the balance after payment of his debts for his use and benefit. These express powers made the trustees trustees for the trustor and not for his children. In Peterson v. Weiner, supra, the issue was the construction of the following instrument:

"$35.00 Oct. 1, 1930.
"Received from Mr. Harry Weiner the sum of Thirty-five dollars, of which $8.80 is the interest to date and $26.20 is the principal.
"The balance that he owes is now $1,-482.33.
"In case of my death, I want this debt cancelled.
 "(Signed) Joseph Eaton."

The court found the following facts in its statement of the case: "About December 1, 1930, Nathaniel Lowe had a conversation with Joseph Eaton in which Joseph Eaton handed the note in question to Lowe telling him to take it and keep it and after Eaton's death to deliver it to appellees. Eaton explained that he wanted to collect the $35 monthly installments on the note that might come due during his lifetime, as he needed this money for a livelihood, but that at his death he wanted to donate to appellees any unpaid balance provided for in said note. Lowe placed the note back in Eaton's bureau drawer as he had no place to keep it and he wanted it where Joseph Eaton could make credits on it as the monthly installments were paid." The trial judge found that Lowe was

Eaton's trustee. Judge Murray, writing for the court, made the following legal conclusion on that fact finding: "It occurs to us that the finding that Lowe was the trustee of Eaton is fatal to the judgment herein. If Lowe was Eaton's trustee, he could revoke his instructions at any time prior to his death and order his trustee to make a different or other disposition of the note, and his death would revoke all power of his trustee to act for him after his death. In other words, under such finding Lowe was nothing more than Eaton's agent. A delivery by Eaton to his own agent or trustee would not place the object of the gift beyond his control or even out of his constructive possession, and a gift may be revoked until there is delivery, either to the donee or to a trustee who holds the same for the donee. A gift that is incomplete and subject to be revoked by the donor is no gift at all in the eyes of the law. This finding of the trial judge, which is inconsistent with the judgment rendered, would be sufficient and in fact would require a reversal of the cause."

(2) By the trust agreement it was the duty of the trustees to pay the trustor at least $300 per month out of the dividends on the stock, with the discretion to pay to him the balance of the dividends or to invest this balance for his use and benefit. No inference against a gift arose on this condition of the contract. Thompson v. Caruthers, 92 Tex. 530, 50 S.W. 331. But in this connection the contract further provided: "In the event dividends on said stock are not sufficient to pay said Three Hundred & No/1000 ($300.00) Dollars per month, said Trustees shall pay him said amount, to which end and for the other purposes herein set out, said Trustees are hereby authorized to sell or hypothecate said stock." The fact that the trustor reserved in himself the right to appropriate to his own use and benefit a part of the corpus of the trust property compels the inference that he did not intend by the instrument to vest in his children an absolute and unconditional title. Anderson v. Menefee, supra.

(3) The practical construction put upon the contract by the trustor and his trustees —the fact that he retained the possession of the stock, sold forty shares of it, and managed and collected the dividends, independent of any action by his trustees—constituted a construction of the trust agreement by the trustor and his trustees to the effect that he did not intend to vest in his children an absolute and unconditional title. Anderson v. Menefee, supra, and the authorities therein cited. Our definition of the term "vest," when applied to the facts of this case, also compels this conclusion.

■ As stated on the former appeal, the trustees assumed liabilities under the trust agreement. Pleading a bona fide controversy between the executrix and the children of the deceased, they tendered the property into court, with an accounting of their stewardship, which was accepted by the court. On the good faith controversy pleaded by them, as said on the former appeal, the trustees "had the right to file their answer in the nature of an interpleader and to recover their costs, including reasonable attorneys fees as interpleaders." [136 S.W.2d 244.] It follows that the trustees should have been awarded judgment for their costs, with a reasonable allowance for attorneys fees, which was denied them by the lower court.

It is our order that the judgment of the lower court, vesting title to the stock described in the trust agreement in appellee, Mrs. Ella Arnett Chaison as independent executrix of the last will and testament of W. G. Chaison, decd., to be held by her and administered on the conditions of the will, be affirmed. It is also our order that the judgment of the lower court disposing of the accumulated dividends be affirmed. It is also our order that the judgment of the lower court accepting the tender of the stock from the trustees and releasing them from their obligations under the trust agreement, and approving the accounting tendered by them in court, be in all things affirmed. But since the lower court denied the trustees recovery for their costs and for attorneys fees, it is our further order that the judgment in this respect be reversed and remanded with instructions to the lower court to award judgment in favor of the trustees for their costs and to assess for them a reasonable attorneys fee, to be charged against the stock, the subject matter of the trust agreement.

Affirmed in part and in part reversed and remanded with instructions.