Stella A. OADRA, Appellant,

v.

**Robin Denise STEGALL, Individually, and as Next Friend of Jeffrey and Matthew Stegall, and as Successor Administratrix of the Estate of John J. Oadra, Deceased, Appellees.**

No. B14–90–00863–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 10, 1994.

Timothy E. McKenna, Houston, for appellant.

Paul D. Clote, Mary Ann Faust, Houston, for appellees.

## OPINION ON REMAND

J. CURTISS BROWN, Chief Justice.

This case involves a dispute over the ownership of funds on deposit in two bank accounts at Mainland Savings: a trust account (the Primary Account) and a joint account (the Small Account). On submission *en banc*, a majority of this court reversed the trial court's judgment awarding twenty-five percent (25%) of the Primary Account funds to Robin Denise Oadra Stegall (Stegall), Individually, twenty-five (25%) of the account funds to Jeffrey Stegall, twenty-five (25%) of the account funds to Matthew Stegall, and twenty-five (25%) of the account funds to

Stella A. Oadra (Oadra). We held that Oadra, appellant, was the beneficial owner of all of the Primary Account funds under Chapter XI of the Texas Probate Code. *Oadra v. Stegall*, 828 S.W.2d 460, 466 (Tex.App.— Houston [14th Dist.] 1992), *rev'd, Stegall v. Oadra*, 868 S.W.2d 290 (Tex.1993). The majority affirmed the trial court's judgment awarding the funds in the Small Account to the estate of John J. Oadra.

Chief Justice Brown and Justice Sears dissented. They would have held that Oadra had no beneficial ownership rights in the Primary Account funds and that upon the death of John J. Oadra, the funds passed to his estate under TEX.PROB.CODE ANN. § 439(d). *Id.* at 469. They would have concluded that the trial court properly held that Oadra did not own any of the funds in the Primary Account; however, instead of awarding the funds to the Robin, Jeffrey, and Matthew Stegall, Chief Justice Brown and Justice Sears would have concluded that the trial court should have awarded the funds to Robin Denise Oadra Stegall, as successor administratrix of the estate of John J. Oadra. *Id.* at 471.

The Texas Supreme Court granted appellees' writ of error. That court agreed with the reasoning and result suggested by the dissent. The supreme court held that the dissent was correct when it stated that the majority opinion created a right of survivorship among joint trustees in violation of section 439(a) of the Texas Probate Court and the supreme court's opinion in *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex.1990). *Stegall v. Oadra*, 868 S.W.2d 290 (Tex.1993). The supreme court held that the funds in the Mainland Savings trust account should have passed through John J. Oadra's estate and therefore, the heirs and devisees of the estate of John J. Oadra were entitled to the funds. *Id.* The supreme court remanded the case back to this court for a consideration of Oadra's remaining points of error. *Id.* We now hold, pursuant to the supreme court's decision and our holdings in the other points of error, that the heirs and devisees of John J. Oadra, Robin Denise Oadra Stegall and Michael Oadra, are entitled to the funds in the Mainland Savings Primary Account and the Small Account.[1] The judgment of the trial court is affirmed as modified.

In 1982, John J. Oadra and his mother, Stella A. Oadra, set up a "Jumbo" account at Mainland Savings with funds belonging to John J. Oadra. The account was opened with a cashier's check payable to Stella Oadra and John Oadra, as co-trustees. The account was styled:

> JOHN J. OADRA or STELLA A. OADRA, Trustees for John J. and Michael Oadra and Robin and Jeffrey and Matthew Stegall.[2]

The "Jumbo" account was renewed periodically by John J. Oadra and on February 1, 1984, the funds in the "Jumbo" account were placed in the account referred to as the Primary Account in the jury questions and the trial court's judgment. The account opened on February 1, 1984, is the subject of the dispute between Stella A. Oadra and the appellees.

The Primary Account was created under the terms and provisions of an Account Signature Card and a Revocable Trust Agreement. The beneficiaries were names on the front of the account card. They are John J. and Michael Oadra and Robin, Jeffrey and Matthew Stegall.

On April 14, 1984, John J. Oadra was murdered. His last will and testament, dated April 10, 1980, left his estate to Michael Oadra and Robin Stegall. On the date of the murder, the account at Mainland Savings had a balance of $408,366.74.

A short time after John J. Oadra's death, Oadra removed the funds from the account

---

1. The trial court correctly held that the funds in the Small Account belonged to the Estate.

2. Robin Stegall and Michael Oadra are the children of John J. Oadra, and the grandchildren of Stella A. Oadra. Jeffrey and Matthew Stegall are the children of Robin Denise Oadra Stegall, the grandchildren of John J. Oadra, and the great-grandchildren of Stella A. Oadra.

and placed them in a new account. Subsequently, various suits were filed to determine ownership of the funds. In its judgment, the trial court determined that the Primary Account was a trust account, the Small Account was a joint account, and divided the funds as stated above.

The Texas Supreme Court remanded this case back to this court so that we might review several points of error raised by Oadra in her original appeal. We did not review these points originally because they were unnecessary in light of our disposition of the case. We will now consider those points.

■ In point of error number two, Oadra complains that the trial court erred in rendering judgment for money damages in favor of Stegall and the estate of John J. Oadra because their claims were barred by the two year statute of limitations. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986).

The supreme court has already determined that the money in the Primary Account should pass through the estate of John J. Oadra to the heirs and devisees of the estate, i.e. to Robin Denise Oadra Stegall and Michael Oadra. Therefore, we need only determine whether the claims by the estate of John J. Oadra (the Estate) were barred by the statute of limitations.

Oadra claims that the Estate knew more than two years before suit was filed that Oadra had taken the money out of the account, and therefore, any claim to the funds in the Primary Account or the Small Account was barred by limitations. This argument is without merit in light of the supreme court's holding.

In its opinion, the supreme court held that section 439(d) of the Texas Probate Code applied to the disposition of the funds in the Primary Account.[3] The court stated that

under this subsection of the Probate Code, the death of any party to a multiple-party account has no effect on beneficial ownership of the account. The only effect the death has is to transfer the rights of the decedent as part of his estate. The court went on to state that since it was undisputed that John J. Oadra, the decedent, owned all of the funds in the Primary Account during his lifetime, upon his death ownership vested in his heirs and devises as a matter of law.

Since the funds in the Primary Account passed to the Estate as a matter of law, it was unnecessary for the Estate to file suit against Oadra in order to retrieve the funds. Therefore, the statute of limitations was irrelevant as to any claim by the Estate.

The same argument, though not reached by the supreme court, applied to the funds in the Small Account. It is undisputed that the Small Account was a joint account. The signature card for that account clearly shows that it had no right of survivorship. Therefore, section 439(d) applied to that account as well. The funds in the Small Account passed, as a matter of law, to the Estate. Again, the Estate was not required to file suit to claim what belonged to it as a matter of law. Oadra's second point of error is overruled.

In points of error three and five, Oadra complains about the trial court award of attorney's fees against her. In point three, Oadra claims the trial court abused its discretion in awarding attorney's fees against her because she was entitled to prevail on her claim and did, in fact, prevail. The Texas Civil Practice and Remedies Code authorizes the trial court to award reasonable and necessary attorney's fees as are equitable and just in a declaratory judgment action. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). Such an award is discretionary with the trial court and will not be overturned absent and abuse of discretion. *Oake*

---

**3.** Section 439(d) states:

In other cases, the death of any party to a multiple-party account has no effect on beneficial ownership of the account other than to

transfer the rights of the decedent as part of his estate.

TEX.PROB.CODE ANN § 439(d) (Vernon 1980).

*v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). Oadra claims that the trial court erred in rendering its judgment in favor of her opponent and therefore, abused its discretion in awarding attorney's fees. Since it has been determined by the Texas Supreme Court and by this court that Oadra was not entitled to prevail on her claims to the funds in the accounts, the trial court did not abuse its discretion in awarding attorney's fees against her.

In her fifth point of error, she claims the trial court erred in awarding attorney's fees to Stegall and Thomas R. Conner, the ad litem, without limiting the award to the event of an unsuccessful appeal by Oadra. This point is moot. The appeal by Oadra has been decided against her, therefore, the failure of the trial court to limit the attorney's fee award is harmless. Points of error three and five are overruled.

In point of error four, Oadra again complains about the trial court's award of attorney's fees. She claims that the evidence is legally and factually insufficient to support the award because the evidence failed to segregate the attorney's fees from and between Stegall and the Estate, and from and between the various claims and defendants.

The appellees claim that Oadra has waived this contention by failing to object to the attorney's fees evidence when it was offered and admitted. The Texas Supreme Court has held that it is not necessary to object to the attorney's fees evidence at the time it is offered in order to preserve this type of error for appeal. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991); *see also Moody v. EMC Serv., Inc.*, 828 S.W.2d 237, 247 (Tex.App.—Houston [14th Dist.] 1992, writ denied). An objection to the failure of the trial court to allocate or "break down" fees in the jury charge is sufficient to preserve error. *Id.* In this case, Oadra's attorney did object to the jury question on attorney's fees. Her attorney stated that the case involved numerous claims, some in which fees were recoverable, some in which

they were not. The attorney claimed that since there was no evidence segregating the fees between the claims, there was no evidence to support an award of attorney's fees.

The general rule is that a party seeking to recover attorney's fees in a suit involving multiple claims or parties has a duty to segregate the fees owed. *See id.* 822 S.W.2d at 10–11. A recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims "arising out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.' " *Id.* at 11 (quoting *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.—Dallas 1987, writ denied)). Thus, when the causes of action involved in the suit are dependent on the same set of facts or circumstances and are "intertwined to the point of being inseparable," the party seeking attorney's fees may recover the entire amount covering all claims and parties. *Id.* 822 S.W.2d at 11–12 (quoting *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674, 680 (Tex.App.—Houston [14th Dist.] 1989), *modified*, 797 S.W.2d 31 (Tex.1990) (remanded to trial court for reexamination of attorney's fee award)). Further, if the claims involved in the suit are dependent upon the same fact and are inseparable, the party seeking to recover the fees may recover even though under one or more of the causes of action such fees are not recoverable. *Chair King*, 783 S.W.2d at 680.

We have reviewed the entire record and after such review conclude that the attorney's fees in this case were not capable of segregation. The testimony in the record supports the finding that the issues and parties in this case were so intertwined that they were inseparable. Oadra's fourth point of error is overruled.

Oadra contends, in point of error number six, that the trial court erred in awarding damages for interest because she had at least the right to possess the funds,

and no demand was made for the funds until February 16, 1987 or March 31, 1988.

As we stated in our disposition of Oadra's statute of limitations argument, the Estate of John J. Oadra was entitled to the funds in both accounts upon his death as a matter of law. Therefore, Oadra did not have the right to possess the funds in either account. The trial court did not err in its award of interest. Point of error six is overruled.

In her seventh point of error, Oadra alleges that the trial court abused its discretion in refusing to admit evidence of Stegall's criminal convictions for cocaine possession and theft. Oadra claims that such evidence was admissible to impeach Stegall's credibility.

Rule 609(a) states:

**General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

Tex.R.Civ.Evid. 609(a). [emphasis in original]

■ Exclusion of evidence is a matter within the discretion of the trial court. *Tracy v. Annie's Attic, Inc.,* 840 S.W.2d 527, 531 (Tex.App.—Tyler 1992, writ denied). To obtain reversal of a judgment based on error in the exclusion of evidence, an appellant must show that the trial court's ruling was error and that error was calculated to cause and probably did cause the rendition of an improper judgment. *Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989); Tex.R.App.P. 81(b)(1). In determining whether any alleged error probably caused the rendition of an improper judgment, an appellate court must review the entire record. *Gee v. Liberty Mut. Ins. Co.,* 765 S.W.2d 394, 396 (Tex. 1989). Unless an appellant can show that the entire case turns on the particular excluded evidence, reversible error usually does not occur. *Shenandoah Assoc. v. J & K Properties, Inc.,* 741 S.W.2d 470, 494 (Tex. App.—Dallas 1987, writ denied).

■ At one point in the trial when Oadra attempted to admit evidence of Stegall's conviction, the trial court denied the admission and stated, "I am denying the admission because of the inflammatory nature and the prejudicial effect at this time." The trial court obviously determined, as required by rule 609(a), that the probative value of the evidence was outweighed by its prejudicial effect. We cannot say that the trial court acted contrary to any guiding principles of law. In fact, it is clear from the court's ruling that it specifically considered the evidence according to the guidelines of the rule.

Even if the trial court erroneously excluded the evidence of Stegall's conviction, we hold that the exclusion was not calculated to cause and probably did not cause the rendition of an improper judgment. *See* Tex. R.App.P. 81(b)(1). The entire case did not turn upon Stegall's credibility. Oadra's seventh point of error is overruled.

In point of error number eight, Oadra contends the trial court erred in submitting jury question number one because the definition of "gift" was defective and the trial court refused to include her requested definition.

■ Appellate courts review a trial court's decision to submit a particular instruction or definition under the abuse of discretion standard. Thus, a trial court is given wide latitude to determine the sufficiency of explanatory instruction and definitions. *M.N. Dannenbaum, Inc. v. Brummerhop,* 840 S.W.2d 624, 631 (Tex.App.— Houston [14th Dist.] 1992, writ denied). The trial court's latitude in this area is much greater than in the area of jury questions. *Harris v. Harris,* 765 S.W.2d 798, 801 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

■ When instruction or definitions are actually given, the question on appeal is whether the instruction or definition is

"proper." *Brummerhop*, 840 S.W.2d at 631; TEX.R.CIV.P. 277. Definitions are given in the charge to enable jurors to understand legal words or phrases so that they may properly answer the jury questions and render a verdict. *Harris*, 765 S.W.2d at 801. "The test of the sufficiency of a definition is its reasonable clarity in performing this function." *Id.* As we stated above, the abuse of discretion test is used to review a trial court's decision to submit a particular instruction or definition; however, when the appellant complains that the definition misstates the law, this court, and at least one other, has employed a de novo standard of review. *See id.* (definition of "marital property" reviewed using de novo standard); *see also Bennett v. Bailey*, 597 S.W.2d 532, 533 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.) (definition of "unconscionable" reviewed using de novo standard). Further, if an appellate court does determine that an instruction or definition was improper, it must also determine whether the error was harmless. TEX.R.APP.P. 81(b)(1). In making this determination, the reviewing court must consider the pleadings of the parties, the evidence, and the entire charge. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986). Error will be deemed reversible only if, when viewed in light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Id.;* TEX.R.APP.P. 81(b)(1).

The definition of "gift" given by the trial court stated, in pertinent part:

> ... in order for there to be a valid <u>inter vivos</u> * gift, it must be shown that the donor clearly intended to make such gift, and that there was a present delivery of the property of such character as to divest the donor of the title, dominion, and control over it.

---

ʹ *inter vivos* means during life.

[underline exists in original]

■ It has long been the rule in Texas that for a gift to be effective, title to the item "must pass immediately and unconditionally and the transfer thereof must be so complete that the donee might maintain an action for the conversion of the property." *Fleck v. Baldwin*, 141 Tex. 340, 172 S.W.2d 975, 978 (Tex.1943). There must be a delivery of the possession of the chattels by the donor to the donee with the intention on the part of the donor to vest the ownership of the chattels in the donee, "immediately and unconditionally." *Wells v. Sansing*, 151 Tex. 36, 245 S.W.2d 964, 965 (1952); *Woodworth v. Cortez*, 660 S.W.2d 561, 563 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Chaison v. Chaison*, 154 S.W.2d 961, 963–64 (Tex.Civ. App.—Beaumont 1941, writ ref'd w.o.m.). The owner must, at the time he makes the alleged gift, intend immediate divestiture of rights of ownership out of himself and the consequent and immediate vesting of such rights in the donee. *Thompson v. Dart*, 746 S.W.2d 821, 825 (Tex.App.—San Antonio 1988, no writ). All dominion and control over the property must be released by the owner. *Id.* Until a donor has divested himself, absolutely and irrevocably of the title, dominion, and control of the subject of the gift, he has the power to revoke it. *Chaison*, 154 S.W.2d at 963–64 (quoting *Benavides v. Laredo Nat'l Bank*, 91 S.W.2d 372, 374 (Tex.Civ.App.— Eastland 1936, no writ)). If the donor has the power to revoke, there is no valid gift. *Chaison*, 154 S.W.2d at 964.

■ From these cases and those following them, it is clear that in order for an *inter vivos* gift to be effective, it must be delivered, and the donor must relinquish all dominion and control over the property. This is precisely what the trial court told the jury in the above definition of gift. The trial court did not misstate the law; the definition was proper. It did not "improperly emphasize divestiture of dominion and control," as suggested by Oadra.[4] To have an *inter vivos* gift, dominion and control must be relinquished. *See id.*

Moreover, even if the definition given by the trial court did improperly emphasize "re-

---

4. The definition of gift requested by Oadra, in lieu of the one given by the trial court, stated:

linquishment of dominion and control," it was not so inaccurate that it was likely to cause the rendition of an improper judgment when viewed in light of the pleadings, the evidence, and the charge. *Island Recreational,* 710 S.W.2d at 555; TEX.R.APP.P. 81(b)(1). Point of error eight is overruled.

 Oadra contends in her ninth point of error that the evidence is legally and factually insufficient to support the jury's answer to Question No. 1.[5]

Jury question number one asked:

Do you find from clear and convincing evidence that John J. Oadra did not make a gift of the funds in the Primary Account to Stella A. Oadra?

Answer "Yes" or "No."

ANSWER:

*Yes*

A party claiming a gift has the burden to prove it. *Pankhurst v. Weitinger & Tucker,* 850 S.W.2d 726, 730 (Tex.App.—Corpus Christi 1993, writ denied); *Powell v. Powell,* 822 S.W.2d 181, 183 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Since Oadra was the party claiming that the funds in the

accounts were "gifts" from John J. Oadra to her, she had to prove this claim by clear and convincing evidence. In her brief she argues that there was a legal presumption of gift and that appellees had the burden to rebut that presumption by clear and convincing evidence. We disagree. A presumption of gift arises if a parent delivers possession, conveys title, or purchases property in the name of a child. *Woodworth,* 660 S.W.2d at 564 (citing *Burk v. Turner,* 79 Tex. 276, 15 S.W. 256, 257 (1891)). We have found no cases where the presumption arises when a child does the same for a parent. Therefore, the burden was upon Oadra to prove, by clear and convincing evidence, that John J. Oadra made a gift to her of the funds in the Primary Account.[6]

STANDARD OF REVIEW

The clear and convincing standard of proof requires "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *D.O. v. Texas Dept. of Human Services,* 851 S.W.2d 351, 353 (Tex.App.—Austin 1993, n.w.h.) (quoting *In re G.M.,* 596 S.W.2d 846, 847 (Tex.1980)).

---

Definition/instruction re gift: You are instructed that to constitute a gift, the act of giving must be voluntary and the donor (giver) must *not receive anything of value in return.* The three essential elements of a gift are that there must be an intention on the part of the donor (giver) to make a gift, that there is delivery to the donee (receiver) or another person for the benefit of the donee (receiver) of the thing given, and that there is an acceptance of the gift by the donee (receiver) or by ·another person on behalf of the donee. The intent of the donor (giver) to make the gift may be inferred from the donor's (giver's) words and acts. [underline in original]
While this definition was arguably proper under the law, the definition used by the trial court did not misstate the law and was therefore, proper.

5. Oadra styles this point of error as a challenge to the legal and factual sufficiency of the evidence to support the jury's answer; however, she should have styled the point as a "matter of law" and "great weight and preponderance" challenge. When an appellant is attacking the legal sufficiency of an adverse finding as to an issue on

which he had the burden of proof, the complaint on appeal is that the evidence established all vital facts in support of the issue as a matter of law. *See Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989); *see also Smith v. Central Freight Lines, Inc.,* 774 S.W.2d 411, 412 (Tex.App.— Houston [14th Dist.] 1989, writ denied). If a party is attacking the factual sufficiency of an adverse finding on an issue on which he had the burden of proof, the complaint on appeal is that the finding is against the great weight and preponderance of the evidence. *Hickey v. Couchman,* 797 S.W.2d 103, 109 (Tex.App.—Corpus Christi 1990, writ denied). Since Oadra was the party claiming "gift" the burden of proof was upon her to prove it. *Powell v. Powell,* 822 S.W.2d 181, 183 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

6. Even if the burden was upon appellees to rebut a presumption of gift, we find that the evidence in the record is sufficient to support the jury's answer. Oadra admitted that John J. Oadra funded the Primary Account and retained exclusive control over it.

When both legal and factual sufficiency challenges are raised, we must first examine the legal sufficiency of the evidence. *Glover v. Texas Gen. Idem. Co.*, 619 S.W.2d 400, 401 (Tex.1981). Since Oadra contends the evidence was legally insufficient to support the jury's answer to jury question number one, an issue upon which she had the burden of proof, she must demonstrate "that the evidence conclusively established all vital facts in support of the issue." *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). The purpose of appellant's complaint is two-fold: (1) to neutralize the jury's adverse answer, and (2) to demonstrate that she did carry her burden. Michol O'Connor, *Appealing Jury Findings*, 12 Hous.L.Rev. 65, 67–68 (1974). In reviewing this "matter of law challenge," we must examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, we must then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.*

Oadra also contends that the evidence is factually insufficient to support the jury's answer to question number one. Therefore, she must show that the adverse finding is against the great weight and preponderance of the evidence. *Hickey v. Couchman*, 797 S.W.2d 103, 109 (Tex.App.— Corpus Christi 1990, writ denied). In reviewing a challenge that the jury's finding is against the great weight and preponderance of the evidence, we must examine the entire record to determine if there is some evidence to support the finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951). Only if the finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, must we sustain the challenge. *Id.* The clear and convincing standard does not alter the appropriate standard of appellate review. *D.O. v. Texas*

*Dept. of Human Services*, 851 S.W.2d at 353. In *Meadows v. Green*, 524 S.W.2d 509, (Tex. 1975) (*per curiam*), the Texas Supreme Court stated that the court of appeals erred in applying a third standard of evidentiary review. 524 S.W.2d at 510. The appellate court used an intermediate standard of review based on the "clear and convincing" standard of proof. *Id.* The supreme court explicitly disapproved this practice and stated:

> In Texas there are but two standards by which evidence is reviewed: factual sufficiency and legal sufficiency. The requirement of clear and convincing evidence is merely another method of stating that a cause of action must be support by factually sufficient evidence. [citations omitted]

*Id.*; *State v. Turner*, 556 S.W.2d 563, 565 (Tex.1977). *But see In the Interest of L.R.M. and J.J.M.*, 763 S.W.2d 64, 66–67 (Tex.App.—Fort Worth 1989, no writ) (when trier of fact is required to make a finding by clear and convincing evidence, court of appeals will only sustain an insufficient evidence point **if trier of fact could not reasonably find the existence of the fact to be established by clear and convincing evidence**). [emphasis added]

In order to prove a gift, a party must prove: (1) donative intent; (2) delivery of the property;[7] and (3) acceptance of the property. *Pankhurst*, 850 S.W.2d at 730; *Thompson*, 746 S.W.2d at 825. In this case, the jury was entitled to find that John J. Oadra did not make a gift of the funds in the Primary Account to Oadra because she failed to prove intent or delivery by clear and convincing evidence.

John J. Oadra and Stella Oadra were named as co-trustees on the Primary Account. Under Chapter XI of the Texas Probate Code, a trust account belongs beneficially to the trustee during his lifetime. Tex.Prob.Code Ann. § 438(c) (Vernon 1980). If there are two or more trustees on the

---

**7.** The delivery must be such that the donor has relinquished all dominion and control over the

property. *Thompson,* 746 S.W.2d at 825.

account, beneficial rights as between them are governed by Subsection (a) of section 438. *Id.* Subsection (a) states that during the lifetimes of all parties, an account belongs to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent. TEX.PROB.CODE ANN. § 438(a) (Vernon 1980). The evidence showed that John J. Oadra funded one hundred percent of the Primary Account. Oadra's own testimony shows this fact:

> Q: And even though you say John gave you the money, your testimony to the Court and jury is you didn't earn a nickel. **He earned 100% of it. You didn't deposit a nickel of it. He deposited all of it and he exercised exclusive control over it during his lifetime; true?**
>
> A: Yes.

[emphasis added]

Also, the account card clearly shows that John J. Oadra was a trustee on the account. If he had intended to make a gift of the funds to his mother, he could have removed his name and made her the sole trustee. He did not do this. This evidence along with other evidence in the record sufficiently supports the jury's finding. Since Oadra admits that John funded the entire account, continued to exercise exclusive control over it, and he did not remove his name from the account card, the evidence was sufficient for the jury to find there was no gift. The fact that Oadra paid taxes on the account, for which she was not reimbursed, signed the account card as grantor, and had her social security number on the account does not prove that John J. Oadra made a gift of the funds in the account to her. Although Oadra did testify that John gave her the account, she admitted that he maintained control over it. Retention of control is the antithesis of a gift. Oadra's ninth point of error is overruled.

■ In her next points of error, Oadra alleges the trial court erred in submitting jury question number two and then failing to disregard the jury's answer because question number two was not an ultimate issue and was not appropriate under Chapter XI of the Probate Code. She further argues that the issue should not have been submitted because the definition of "grantor" given by the trial court was incorrect.

Jury question number two asked:

> Do you find from clear and convincing evidence that Stella A. Oadra was not a Grantor of the Primary Account?

An ultimate fact is one that is essential to the right of action or matter of defense, and the trial court is under the duty of submitting only ultimate or controlling issues. *Lopez v. Hernandez,* 595 S.W.2d 180, 182 (Tex. Civ.App.—Corpus Christi 1980, no writ). We are of the opinion that whether Oadra was a grantor on the Primary Account was an ultimate issue and the issue was appropriately submitted by the trial court. If Oadra had been the grantor, i.e., if she had created and funded the trust account, she would have been the beneficial owner of the account. *See* TEX.PROB.CODE ANN. § 438(a). If she had been the beneficial owner, she would have been entitled to all of the funds in the account. *Id.* The issues in the case concerned ownership of the account. The trial court did not err in submitting the issue. Point of error ten is overruled.

■ Oadra also claims that the trial court submitted an incorrect definition of the term "grantor." In jury question number two, the court defined a "grantor" as the "person who (1) owns the assets to be placed into the trust, and (2) who intends to create the trust." This definition is correct. Oadra's eleventh point of error is overruled.

In her final point, point of error twelve, Oadra claims the evidence is legally and factually insufficient to support the jury's finding in question number two.

Oadra signed as grantor on the account card for the Primary Account. She argues that parol evidence was not admissible to vary the terms of the unambiguous account card. The trial court allowed parol evidence

concerning this issue into evidence. Oadra objected to the admission of the evidence. She argues that if the parol evidence was not admissible, there was no evidence or insufficient evidence to support the jury's answer.

In the original majority opinion, we disregarded the jury's finding that Oadra was not the grantor of the account. Citing *Sheffield v. Estate of Dozier,* 643 S.W.2d 197, 198 (Tex.App.—El Paso 1982, writ ref'd n.r.e.), we held that as a matter of law, the Primary Account was a trust account and therefore, extrinsic evidence of John J. Oadra's intentions with regard to the use or ownership of the funds should have been excluded. *Oadra v. Stegall,* 828 S.W.2d 460, 465 (Tex.App.— Houston [14th Dist.] 1992), *rev'd, Stegall v. Oadra,* 868 S.W.2d 290 (Tex.1993). The Texas Supreme Court disagreed with the majority's reasoning and stated that the *nature* of the account was not an issue in the case because there was never any dispute that the account was a trust account. *Stegall v. Oadra,* 868 S.W.2d 290 (Tex.1993). The court stated that the evidence concerning ownership of the funds at the time the Primary Account was created was not used to prove that the account was not a trust account; rather, the evidence was used to establish the relative capacity of the parties to the account. *Id.* The court held that this evidence was properly admitted. *Id.*

This evidence showed that John J. Oadra completely funded the account. The evidence also showed that John J. Oadra set up the account and retained complete control over it. This was admitted by Oadra. There was ample evidence in the record to enable the jury to conclude that Oadra was not the true grantor of the account, despite the fact that she signed the account card as grantor. Oadra's twelfth point of error is overruled.

The funds in the Primary Account and the Small Account belonged to the Estate upon the death of John J. Oadra pursuant to TEX. PROB.CODE ANN. § 439(d) and therefore, the trial court should have awarded all of the funds in those accounts to the heirs and devisees of the Estate. Therefore, we modify the judgment of the trial court and order that the funds in the Primary Account and the Small Account be awarded to Robin Denise Oadra Stegall and Michael Oadra, the heirs and devisees of the Estate of John J. Oadra, in accordance with the provisions of John J. Oadra's will. The judgment of the trial court is affirmed as modified and this cause is remanded to the trial court to carry out the judgment as modified.

LEE, J., not participating.

ROBERTSON, J., concurs in the judgment.