Affirmed and Opinion filed November 21, 2002









Affirmed
and Opinion filed November 21, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00907-CV

____________

 

SYLVIA MAY WILLIAMS and SHEWANNA
WILLIAMS, Appellants

 

V.

 

BESSIE MAY GAITOR NELMS, Appellee

 



 

On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 99-61031

 



 

O P I N I O N








Following the death of Una Mae Martin, a dispute arose
between the decedent’s sister and her only child regarding who should obtain
possession of the decedent=s home.  The decedent
died intestate, and under the laws of intestate succession, the decedent’s
daughter, Bessie May Gaitor Nelms claimed ownership of the property.  However, the decedent’s sister, Sylvia May
Williams, and her son, Shewanna Williams, were living in the home at the time
of the decedent’s death, and Ms. Williams claimed ownership by virtue of a
quitclaim deed allegedly executed by the decedent before her death.  Nelms sued Williams and her son to obtain
title and possession of the property. 
After a short bench trial, the court granted judgment for NelmsCgranting her title and possession to
the property and awarding her actual damages of $11,340, together with pre and
post-judgment interest.  In three points
of error, Williams and her son allege the trial court committed “gross error”
in (1) awarding  title to the property to
Nelms, (2) awarding actual damages to Nelms, and (3) in issuing a writ of
possession on behalf of Nelms.  We
affirm.

In their first two issues for review, appellants contend the
trial court committed “gross error” in awarding the property and monetary
damages to Nelms.  Appellants do not
specifically explain how the trial court erred, but in their appellate brief
they rely heavily on the quitclaim deed to support their claim to the
property.  Accordingly, we perceive
appellants’ complaint is essentially a challenge to the sufficiency of the
evidence.

When reviewing the legal sufficiency of the evidence, we
consider only the evidence and inferences tending to support the court=s verdict, disregarding all contrary
evidence and inferences.  Bradford v.
Vento, 48 S.W.3d 749, 754 (Tex. 2001). 
When reviewing the factual sufficiency of the evidence, we look to see
whether the trial court=s finding is against the great weight and preponderance of
the evidence.  Oadra v. Stegall,
871 S.W.2d 882, 892 (Tex. App.CHouston [14th Dist.] 1994, no writ).  Only if the finding is so contrary to the
overwhelming weight and preponderance of the evidence as to be clearly wrong
and manifestly unjust, must we sustain the challenge.  Id. 
Because the appellate court is not the fact finder, it may not
substitute its own judgment for that of the trier of fact, even if a different
answer could be reached on the evidence. 
Knox v. Taylor, 992 S.W.2d 40, 50 (Tex. App.CHouston [14th Dist.] 1999, no pet.); Peter
v. Ogden Ground Servs., Inc., 915 S.W.2d 648, 649 (Tex. App.CHouston [14th Dist.] 1996, no
writ).  Thus, the amount of evidence
necessary to affirm a judgment is far less than that needed to reverse a
judgment.  Bracewell v. Bracewell,
20 S.W.3d 14, 23 (Tex. App.CHouston [14th Dist.] 2000, no pet.); Knox, 992 S.W.2d
at 50.








Here, the validity of the quitclaim deed was challenged by
Nelms who presented expert testimony to support her claim that the decedent=s signature was forged.  Accordingly, we must presume the trial court
found the deed was, in fact, a forgery. 
Although appellants presented testimony that the decedent executed the
quitclaim deed, the evidence is both legally and factually sufficient to
support the trial court=s verdict.  Thus,
appellants’ first and second issues are overruled.

In
their final issue for review, appellants contend the trial court erred in
issuing a writ of possession for the property. 
Because they presently occupy the property, appellants claim the court’s
writ of possession violates Rule 755 of the Texas Rules of Civil
Procedure.  The rule states

The writ of possession, or execution, or both, shall
be issued by the clerk of the county court according to the judgment rendered,
and the same shall be executed by the sheriff or constable, as in other cases;
and such writ of possession shall not be suspended or superseded in any case by
appeal from such final judgment in the county court, unless the premises in
question are being used as the principal residence of a party.

 

Tex. R. Civ. P. 755.  (Emphasis
added).  Under the plain wording of Rule
755, it has no application here.  

Rule 755 is part of Section 2 of the Texas Rules of Civil
Procedure relating to forcible entry and detainer actions.  In such suits, the justice court has original
jurisdiction.  Tex. Prop. Code Ann. ' 24.004 (Vernon 2000).  Appeal is to the county court.  Goggins V. Leo, 849 S.W.2d 373, 375 (Tex.
App.CHouston [14th Dist.] 1993, no
writ).  The judgment of the county court
regarding possession is final and may not be appealed unless the premises in
question are being used for residential purposes.  Tex. Prop. Code Ann. ' 24.007 (Vernon 2000).  However, even if one of the parties is
residing on the property, the “judgment of a county court may not under
any circumstances be stayed pending appeal unless, within 10 days of the
signing of the judgment, the appellant files a supersedeas bond in an amount
set by the county court.”  Id.








Here, the plaintiff’s suit was for possession based upon
title and, thus, was not an action for forcible entry and detainer, but was
in the nature of a trespass to try title action.  Accordingly, Rule 755 is not applicable in
the case presented here.  Moreover,
appellants have not filed a supersedeas bond and are not entitled to stay the writ
of possession in any event.  Appellants’
third issue for review is overruled.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed November 21, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).